# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P. MULLIGAN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:14-cv-1023-BAM<br><br>ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |

Plaintiff James Mulligan ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, respectively.[1] The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe. The Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to conduct all further proceedings in this case before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Docs. 7, 9).

whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## **FACTS AND PRIOR PROCEEDINGS**

On March 2, 2011, Plaintiff filed his current applications for DIB and SSI beginning on November 12, 2008. AR 14, 143, 155.[2] Plaintiff's applications were denied initially and on reconsideration. AR 61, 62, 66-67. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ Daniel G. Heely held a hearing on October 1, 2012, and issued an order denying benefits on November 14, 2012. AR 14-22. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review. AR 1-3. This appeal followed.

### **Plaintiff's Testimony**

The ALJ held a hearing on March 13, 2012, in Fresno, California. AR 27-60. Plaintiff appeared and testified. AR 27. He was represented by attorney Kate Fiorello. AR 27.

Plaintiff first testified that he has a high school education and previous work experience as a painting contractor. AR 31-33.

When asked about his physical impairments, Plaintiff testified that he uses two types of insulin to treat his diabetes. AR 34. He further testified that he sometimes suffers from "numbness" and "needles" in both legs due to his diabetes. AR 34-35. Plaintiff testified that he has not had any surgery on any joints or weight bearing parts of his body. AR 35. He also suffers from long term back pain because he previously built industrial doors and played the drums as a musician for 45 years. AR 36.

When asked about his medical treatment, Plaintiff testified that his doctor refused to schedule an MRI because of Plaintiff's inability to pay for it. AR 37. Plaintiff did not file for workers' compensation to address his injuries because he "didn't believe in it." AR 36. Plaintiff also suffers from arthritis in both knees and hypertension. AR 37. Despite doctor recommendations to quit

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

smoking, Plaintiff testified that he was a smoker for 30 years and that on a normal day he smokes at least two packs a day, AR 37-38.  Plaintiff further testified that he did not have any breathing issues related to smoking, that he did not drink, has been sober for over 30 years, and does not use illegal drugs or medical marijuana.  AR 38-39. Plaintiff testified that he was not on probation or parole for any issues.  AR  39.  Plaintiff testified that he was suffering from depression and that he was receiving treatment from his primary doctor.  AR 39. He testified that he takes half of his prescribed anti-depression medications because the full dosage made him sleep too much.  AR 39-40.

When asked about his daily activities, Plaintiff testified that on an average day, he would prepare food and clean for about half an hour to four hours, and then he would need to sit down due to pain in his back and legs.  AR 42.  Plaintiff watched TV for 6-8 hours a day, but he did not use a computer.  AR 42-43. He attends AA meetings and goes grocery shopping on average 2-3 times per week. AR 44-45.  Due to pain in his left elbow, Plaintiff no longer plays his drums.  AR 51. Since November 2008, Plaintiff has traveled to visit his sister in Dana Point, California about 4-5 times—a drive that takes approximately eight hours.  AR 45-46.  However, Plaintiff testified that when he went on those trips he was in pain all the time.  AR 47-48.  Plaintiff further testified that he would have to pull over, stop, and take breaks while driving.  AR 48.

When asked about his ability to work, Plaintiff testified that if he were required to resume work full time, he would have difficulty lifting and standing.  AR 47.  Plaintiff testified that because of his condition he was no longer able to play his drums, and was only able to do daily activities like cooking and cleaning on a limited basis.  AR 48.  Plaintiff further testified that he could lift 20 pounds, but not for long periods of time without experiencing pain.  AR 48. He is also able to walk approximately a half a mile for exercise.  AR 49. Plaintiff's back has troubled him for a long time but he claims that doctors refuse to "look at it."   AR 49.  He does experience relief from his back pain when he relaxes and on a one to ten scale of pain, his pain is a two when taking pain medication. AR 50.

Thereafter, the ALJ asked the vocational expert Alan Cummings hypothetical questions based upon the medical record and the ALJ's subsequent RFC finding.  After asking the VE to

3

contemplate an individual of the same age, education, and work background as Plaintiff, the VE determined that Plaintiff could perform work as it exists in the national economy. AR 58.[3]

### Medical Record

The entire medical record was reviewed by the Court. AR 221-436. The medical evidence will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 14-22. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since November 12, 2008. AR 16. Further, the ALJ identified diabetes mellitus, osteoarthritis, disorder of the back, and affective disorder as severe impairments. AR 16. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 16.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work. Plaintiff can lift or carry 20 pounds occasionally and 10 pounds frequently; stand, walk, and sit for 6 hours in an 8 hour-day; and he can occasionally climb ladders, ropes, or scaffolds, stoop, and kneel. AR 17. Ultimately, the ALJ found that Plaintiff could perform a significant number of jobs that exist in the national economy. AR 22.

### SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S.

---

[3] Plaintiff does not challenge the sufficiency of the hypothetical questions posed to the vocational expert.

389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 2002).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION

Plaintiff's sole argument is that the ALJ failed to provide clear and convincing reasons for discrediting his subjective symptom testimony. (Doc. 13 at 6-15). In response, the Commissioner asserts that the ALJ adequately articulated appropriate reasons for discrediting Plaintiff. (Doc. 18 at 20). A review of the record reveals the ALJ properly assessed Plaintiff's credibility.

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings and provides clear and

5

convincing reasons for doing so. *Id.* The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence."); SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight."). Other factors an ALJ may consider include: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Here, because there is no allegation of malingering and the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" (AR 19), the ALJ's reasons must be clear and convincing. *Brown-Hunter v. Colvin*, No. 13-15213, F.3d   , 2015 U.S. App. LEXIS 13560, 2015 WL 4620123, at *5 (9th Cir. Aug. 4, 2015). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004)).

Here, the ALJ gave the following reasons for discounting Plaintiff's credibility:

> In further assessing the claimant's residual functional capacity, the undersigned has considered the claimant's complaints of total disability, but do not find them credible to the extent they are inconsistent with the residual functional capacity as described above. The undersigned notes that the claimant has pain in his back that could reasonably be expected to cause limitations. However, the degree of symptoms and limitations alleged by the claimant due to pain are not consistent with the objective medical evidence regarding these impairments or his functional ability. The record does not demonstrate clearly that he has the significantly limited range of motion, muscle spasms, muscle atrophy, motor weakness, sensation loss, or reflex abnormalities which are associated with intense and disabling pain. Although, the claimant has received treatment for the allegedly disabling impairment(s), that treatment has been essentially routine and/or conservative in nature. Additionally, his claims of extremely limited functional capacity are not demonstrated by the medical records. There is no hard and fast evidence regarding the poor use of his extremities. Further, although the claimant

6

> does have mental impairments, his symptoms appear to be caused by his alleged physical impairments. Given these findings, the undersigned cannot conclude that the claimant is entirely disable under the guidelines of Social Security Ruling 96-7p and 20 CFR 404.1529, 416.929

AR 19.

The ALJ provided several clear and convincing reasons for diminishing Plaintiff's credibility including: 1) Plaintiff's conservative treatment; 2) inconsistencies in Plaintiff's testimony regarding his activities of daily living; and 3) inconsistencies between the Plaintiff's reported symptoms and the medial evidence.

First, the ALJ found that Plaintiff received only conservative treatment for his impairments; therefore, his allegations of disabling pain were not fully credible. AR 19. The record demonstrates that while Plaintiff alleged disabling pain and limitation because of diabetes, osteoarthritis, a back impairment, and an affective disorder, his emergency room visits demonstrate that he was only prescribed medications and discharged without further intervention. AR 228-234, 236-249. The ALJ properly considered this conservative treatment history in finding Plaintiff not fully credible. *See Hurter v. Astrue*, 465 Fed.Appx. 648, 650 (9th Cir. 2012) (unpublished) (ALJ properly noted claimant's conservative treatment as another reason to discredit her testimony; treatment consisted of home exercise for back problems, the fact that she was not a candidate for surgery and the successful use of medication to treat migraines); *citing Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) ("The ALJ also noted that [the claimant]'s physical ailments were treated with an over-the-counter pain medication. We have previously indicated that evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment. *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). We therefore find no error.").

Further, it was proper for the ALJ to consider that Plaintiff's excessive pain testimony was undermined by evidence that his pain symptoms were well controlled with routine treatment including medications. AR 19. Indeed, at the hearing, the ALJ asked Plaintiff: "when you're taking your medication on a pain scale of 1 to 10, 1 being the least pain, 10 being excruciating. When you're on medication, how would you rate it?" AR 50. Plaintiff answered: "probably 2." AR 50. The ALJ's observation of conservative treatment with medication is a clear and convincing reason for rejecting Plaintiff's excessive pain testimony. An impairment that is amenable to control cannot

be a basis for disability. *Warre v. Commissioner of Social Security*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for disability). Thus, the ALJ properly considered Plaintiff's routine and customary treatment when evaluating Plaintiff's credibility.

Second, the ALJ also found that Plaintiff's daily activities were inconsistent with her testimony. A Plaintiff's daily activities can also be a valid reason for an ALJ to doubt a Plaintiff's subjective testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (evidence that plaintiff "exercised and undertook several projects after he retired" suggested that his "later claims about the severity of his limitations were exaggerated"). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. The ALJ found that Plaintiff "maintains his own personal hygiene. He prepares meals. He performs light household chores and yard work one or twice a week. The claimant gets out daily. He goes shopping a couple of times a month for approximately one hour." AR 19.[4]

Plaintiff disputes the legal sufficiency of this reason because his daily activities were not transferable to a work setting. (Doc. 13 at 11). However, the ALJ did not find that Plaintiff's daily activities were transferable to a work setting. Rather, the ALJ relied on evidence of Plaintiff's daily activities to demonstrate that Plaintiff's lifestyle is inconsistent with the severity of his subjective symptom complaints. An ALJ may consider inconsistencies between a claimant's activities and his subjective complaints. *See Valentine*, 574 F.3d at 693 (ALJ properly determined that the claimant's daily activities "did not suggest [the claimant] could return to his old job, but . . . did suggest that [the claimant's] later claims about the severity of his limitations were exaggerated"). For example, Plaintiff testified that he cooked and cleaned on a limited basis, was able to take long drives, shopped for groceries; regularly attends AA meetings several times a week; and walks a half mile for exercise. AR 47-49. *See Thomas,* 278 F.3d at 959 (claimant's "ability to perform various household chores such as cooking, laundry, washing dishes and shopping," among other factors, bolstered "the ALJ's negative conclusions about [her] veracity"). It was therefore proper for the ALJ to determine that Plaintiff activities of daily living were inconsistent with his subjective complaints. *See Molina*,

---

[4] Plaintiff also testified to performing similar activities at the hearing. AR 44-49.

8

674 F.3d at 1112 (the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms").[5]

Lastly, the ALJ found that the objective medical evidence does not support the alleged severity of Plaintiff's symptoms. An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). As noted above, the ALJ opined that Plaintiff's medical records did not demonstrate the motor weakness, muscle atrophy, muscle spasms, and limited range of motion, normally associated with a disabling level of pain. AR 19. In this regard, the ALJ explained that the examining physician found that despite allegations of pain, Plaintiff had "full range of motion in all joints in the upper extremities, "a full range of motion of both hips and ankles," there were no spasms, straight-leg raising was negative, and there was no evidence of peripheral neuropathy.  AR 19-20, 279-280. It was proper for the ALJ to consider Plaintiff's medical signs in assessing his credibility. *See* 20 C.F.R. §§ 404.1529 (c)(1) & 2 and 416.929(c)(1) & (2) (2013) (requiring consideration of medical history, medical signs and laboratory findings, and objective medical evidence in evaluating the extent and impact of alleged pain); *Parra*, 481 F.3d at 750-51 (upholding credibility assessment where results of medical tests of functioning did not support subjective allegation); *Batson v. Comm'r of the Social Security Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (holding ALJ properly relied on objective medical evidence and medical opinions in determining credibility); *Nyman v. Heckler*, 779 F.2d 528, 530 (9th Cir. 1986) (discussing language of Act requiring consideration of medical evidence in assessing subjective complaints).

Given the above, the ALJ provided clear and convincing reasons that are supported by substantial evidence when concluding Plaintiff's subjective symptom testimony was not credible. Here, the ALJ clearly identified what testimony he found lacked credibility and the corresponding evidence that undermined Plaintiff's complaints. *Lester v. Chater,* 81 F.3d at 834. If the ALJ's

---

[5] Even if the ALJ erred in assessing Plaintiff's activities of daily living, to reject Plaintiff's symptom testimony, the ALJ was only required to identify at least one clear and convincing reason that was supported by substantial evidence. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014). As addressed above, the ALJ provided several other such reasons that were amply supported.

9

finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas,* 278 F.3d at 959. Accordingly, the ALJ's credibility findings are free of legal error.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, James P. Mulligan.

IT IS SO ORDERED.

Dated:   **September 25, 2015**          /s/ Barbara A. McAuliffe
                              UNITED STATES MAGISTRATE JUDGE